JACKSON, ex dem. GILLILAND and ROSS, *vs.* COLVER.

The act for registering deeds, &c. relating to the military bounty lands, has no application to deeds or patents granted by the authority of the state: nor is a title thus derived, affected by proceedings under the act in relation to *escheats.*

THIS was an action of *ejectment,* tried at the Tompkins circuit, in June, 1828, before the Hon. SAMUEL NELSON, one of the circuit judges.

The plaintiff produced in evidence a deed from the surveyor general of the state to W. G. one of the lessors of the

plaintiff, for the *survey* 50 *acres* in the S. E. corner of lot No. 20, Hector. This deed bore date in 1792, was acknowledged in 1824, but had not been recorded.

The defendant shewed proceedings, and a judgment in chancery, under the act in relation to *escheats*, from which it appeared that the whole lot No. 20, Hector, had escheated as the property of George C. Nicholson, (the soldier to whom the lot was granted,) who died in 1783, without heirs, and not having devised the property. The original writ in those proceedings was tested in October, 1805. The defendant also produced letters patent from the state to Elijah Miller, granted in 1808, of 200 acres of lot No. 20, covering the premises in question, and a deed from Miller to the defendant, dated in 1811, and recorded in 1812.

The counsel for the defendant insisted that the plaintiff was not entitled to recover, because the deed under which he claimed had not been recorded, and that the judgment of escheat barred all persons ; and so ruled the judge, and the jury, under his direction, found for the defendant.

A motion was now made to set aside the verdict.

*A. Gibbs,* for plaintiff.

*J. Maynard,* for defendant.

*By the Court,* SAVAGE, Ch. J. The act of 1794, (1 *R. L.* 208,) was intended to prevent frauds by forgeries of deeds in the names of the *soldiers,* and, in my judgment, has no application to deeds or patents granted by the authority of the state. The plaintiff, having a title not passing through Nicholson, but directly from the state to him, is in no way affected by the proceedings on the writ of *escheat.* A new trial must be granted, costs to abide the event.